717 P.2d 50
**STATE of New Mexico,
Petitioner-Appellee,**

v.

**Russell Earl NICHOLS,
Respondent-Appellant.**

No. 15859.

Supreme Court of New Mexico.

April 7, 1986.

Joseph Reichert, Albuquerque, NM for respondent-appellant.

Martin Lopez, III, Albuquerque, NM Trial Counsel.

Paul Barkacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

The defendant-appellant, Russell Earl Nichols (defendant), was charged by a grand jury indictment with an open charge of murder, or in the alternative with felony murder, in the death of Michael Stickle; by the same indictment he was charged with armed robbery in the same incident which gave rise to the murder charge, with conspiracy to commit armed robbery and with the crime of tampering with evidence. After a trial by jury, defendant was convicted of first degree (felony) murder, armed robbery, and tampering with evidence. By a special finding made at his sentencing hearing it was determined that this was defendant's second conviction for armed robbery. Defendant was sentenced to life imprisonment for the murder conviction, eighteen years for the armed robbery, and eighteen months for tampering with evidence. All sentences imposed are to run consecutively. Defendant appeals the convictions and the eighteen-year sentence for armed robbery. We affirm.

## I. Trial Testimony Regarding Defendant's Prior Convictions.

### A. Prejudicial Error.

Defendant challenges his convictions on the basis that testimony at trial regarding his prior criminal convictions was grounds for a mistrial. His first contention is that the testimony constituted prejudicial error.

Prior to any trial testimony, the trial court heard defendant's motion in limine which sought to keep out all evidence of his prior convictions. Defense counsel argued that the potentially prejudicial effect of these convictions outweighed any evidentiary benefit they might have. The State responded that it would not be necessary to bring out these convictions. The trial court instructed the prosecution to avoid any mention of defendant's criminal past without first holding a bench conference on the subject.

On direct examination during the trial one of the State's key witnesses made a comment, unsolicited by the prosecution, that defendant was acquainted with "inmates." Defense counsel objected and moved for a mistrial on the ground that this was error prejudicial to defendant's right to a fair trial. The trial court denied a mistrial but offered to give a cautionary instruction to the jury, which defendant declined. Later in the trial another witness for the State referred to defendant's recent release from jail. Defense counsel timely objected but did not request a mistrial.

After the State rested its case, defense counsel argued another motion in limine, seeking to exclude evidence of defendant's prior convictions if defendant himself testified. The court denied defendant's motion, noting that defendant's convictions were recent, demonstrated moral turpitude, and were admissible for the purpose of impeaching credibility. Defendant then took the stand in his own defense and, on direct examination, testified to his three prior felony convictions.

Disposition of defendant's contention is controlled by this Court's opinion in *State v. Baca*, 89 N.M. 204, 549 P.2d 282 (1976), and the Court of Appeals' application of *Baca* in *State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.), *cert. denied*, 93 N.M. 172, 598 P.2d 215 (1979). In both cases, imporper, unsolicited testimony was presented before the jury. In *Baca,* this Court held that whether an unsolicited comment on a suspect's post-arrest silence was grounds for a mistrial was to be resolved

by application of NMSA 1978, Evid.Rule 103(a) (Repl.Pamp.1983) (preservation of error) and NMSA 1978, Evid.Rule 403 (Repl. Pamp.1983) (probative value balanced against prejudicial effect, confusion and delay). Such improper testimony did not automatically warrant a mistrial.

The Court of Appeals applied the *Baca* rationale in *Vialpando,* where unsolicited testimony related directly to defendant's previous incarceration. Vialpando declined the trial court's offer to admonish the jury. *Vialpando* first restates New Mexico's adherence to the general rule that a prompt admonition to the jury cures any prejudicial effect. 93 N.M. at 296–97, 599 P.2d at 1093–94. *Vialpando* further states that an offer to admonish, even if declined, is generally a sufficient basis to uphold the denial of a mistrial motion. *Id.* at 297, 599 P.2d at 1094 (citing *State v. Carlton,* 83 N.M. 644, 495 P.2d 1091 (Ct.App.), *cert. denied,* 83 N.M. 631, 495 P.2d 1078 (1972)). *See also State v. Beach,* 102 N.M. 642, 699 P.2d 115 (1985) (premature admission of evidence cured with admonition).

 Here, defendant declined a cautionary instruction which could have cured any prejudicial effect the objectionable testimony may have had on the jury. The ambiguity of the comment regarding defendant's acquaintance with "inmates" would further render it susceptible to cure by a cautionary instruction. On the record before us, the trial court did not abuse its discretion in denying the mistrial motion. *Vialpando.*

### B. Prosecutorial Misconduct.

 Defendant contends on appeal that the record supports a presumption of prosecutorial misconduct for the prosecutor's purported failure to warn his witnesses to refrain from mentioning defendant's criminal record. We rule against defendant. There is no basis in the record to presume that the prosecutor neglected to admonish his witnesses or expected the improper answers that he received to his questions. *Cf. State v. Saavedra,* 103 N.M. 282, 705 P.2d 1133 (1985) (same question was asked

at trial as was asked before grand jury and received same answer; prosecutorial misconduct presumed).

## II. Impartiality of Trial Judge at Sentencing Hearing.

■ The same judge who conducted defendant's trial conducted his sentencing hearing. At the sentencing hearing it was determined that this was defendant's second conviction for armed robbery. Defendant accordingly received an eighteen-year sentence on the armed robbery conviction, rather than nine years as would have been imposed for a first offense armed robbery conviction. *See* NMSA 1978, § 30–16–2 (Repl.Pamp.1984); NMSA 1978, § 31–18–15(A) (Repl.Pamp.1981). Defendant attacks this sentence, asserting that the trial judge, who before and during trial heard defendant admit to a prior armed robbery conviction, should have recused himself from the sentencing hearing. Defendant claims that the judge's failure to recuse himself violated the Code of Judicial Conduct and defendant's due process right to an impartial sentencing hearing.

This argument is without merit. Defendant's prior conviction was established by his own admission at trial and by uncontroverted fingerprint and record evidence at the sentencing hearing. Neither the trial judge, nor any judge who might have replaced him, was free to disregard this evidence. *See State v. Doe,* 93 N.M. 481, 601 P.2d 451 (Ct.App.1979). The judge's failure to recuse therefore was not error.

## III. Other Issues.

Appellate counsel for defendant lists, at defendant's request, seven additional issues for review. *See State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1957). We have examined these issues and find them to be without merit.

The judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

STOWERS, J., concurs.

WALTERS, J., concurs in result.