Russell Earl NICHOLS,
Petitioner–Appellant,

v.

George SULLIVAN,
Respondent–Appellee.

No. 87–2391.

United States Court of Appeals,
Tenth Circuit.

Feb. 6, 1989.

Tova Indritz, Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Anthony Tupler, Asst. Atty. Gen. (Hal Stratton, Atty. Gen., with him on the brief), Santa Fe, N.M., for respondent-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Petitioner Russell Earl Nichols appeals from the district court order dismissing his petition for a writ of habeas corpus. We affirm.

## I.

A New Mexico state grand jury indicted Nichols for murder, armed robbery, and tampering with evidence on September 4, 1985.[1] Prior to trial, Nichols filed motions in limine seeking to keep out of evidence any reference to his prior convictions for armed robbery, false imprisonment, and unlawful taking of a motor vehicle, or to his prior incarceration. Assured by the prosecution that it would not be necessary to decide these matters unless Nichols elected to testify, the trial judge took the motions under advisement and instructed the prosecution not to refer to Nichols' prior convictions or incarceration without first discussing the matter further with the court. The judge also directed the prosecution to caution the state's witnesses to avoid any references to such matters in their testimony.

Despite the trial judge's admonition to the prosecution, two of the state's witnesses, Lyndol Burks and Wesley Hammack, referred to Nichols' prior incarceration while testifying during the state's presentation of its case-in-chief.[2] Nichols objected in both instances, but moved for a mistrial only after Hammack's statement. Although the judge denied Nichol's mistrial motion, he did offer to give a cautionary instruction to the jury, an offer Nichols declined.

Nichols renewed his motions in limine at the close of the state's case-in-chief. The judge ruled, however, that evidence concerning Nichols' prior convictions could be admitted for purposes of impeachment pursuant to New Mexico Rule of Evidence 11–609, N.M. SCRA 11–609 (1986). Thereafter, Nichols testified about his prior convictions on direct examination and acknowledged them again on cross-examination. The prosecution also mentioned Nichols' status as a convicted armed robber during its closing argument.

The jury found Nichols guilty of felony murder, armed robbery, and tampering with evidence. At a separate "sentencing hearing," the state district court judge who had presided over Nichols' jury trial sentenced him to consecutive terms of life imprisonment for felony murder, eighteen years for armed robbery, and eighteen months for tampering with evidence. The sentence for armed robbery reflected the state trial judge's finding that Nichols previously had been convicted of armed robbery, and consequently was subject to a stiffer penalty under an enhanced sentencing statute.

Nichols directly appealed his convictions and armed robbery sentence to the New Mexico Supreme Court, State v. Nichols, 104 N.M. 74, 717 P.2d 50 (1986). In his brief to that court, Nichols alleged: (1) "[t]he trial court erred in refusing to grant a mistrial after the state's key witness ... made reference to the defendant's prior criminal record;" and (2) "[t]he trial court denied the defendant due process of law when it failed to recuse itself from the sentencing hearing...." Rec., vol. I, doc.

---

1. The grand jury indictment also included a count charging Nichols with conspiracy to commit armed robbery, but the prosecution entered a *nolle prospqui* as to it prior to trial. Appellant's Brief-in-Chief at 2.

2. Burks testified that he was reluctant to hire Nichols because Nichols "had just got out of jail." Appellant's Brief-in-Chief at 6. Hammack testified that he was with Nichols when Nichols noticed "some inmates he knew from...." *Id.* at 14.

8, ex. C at 34, 39. The court rejected both his arguments.

Failing to secure relief in the state courts, Nichols filed a petition for habeas corpus in the United States District Court for the district of New Mexico pursuant to 28 U.S.C. § 2254. The petition raised numerous claims, including: (1) "whether testimony concerning petitioner's prior convictions ... and his prior incarceration status violated petitioner's right to due process and deprived him of a fair trial"; and (2) "whether petitioner's due process right to an impartial judge was violated...." Rec., vol. I, doc. 11 at 1. The district court adopted the magistrate's proposed findings and recommended disposition and dismissed with prejudice Nichols' petition. Rec., vol. I, doc. 18.

On appeal before this court, the parties again contest the substantive issues of Nichols' challenge to his convictions and his challenge to the armed robbery sentence. The State also argues, for the first time, that review of Nichols' challenge to his convictions is barred because of an alleged procedural default by him.

## II.

■ The State argues as a threshold matter that review of Nichols' due process challenge to his convictions is barred by the procedural default doctrine. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (non-compliance with a state procedural rule bars federal habeas corpus review, absent showing of cause and prejudice). Notwithstanding the State's characterization of its new argument, however, a brief examination of it makes plain that the State is raising an argument concerning the failure to exhaust state remedies. The State does not contend that the New Mexico state courts refused to consider Nichols' challenge to his convictions because he failed to comply with a state procedural requirement, but rather that Nichols does not raise the challenge in his habeas petition in the same

form as he presented it to the state courts. Hence, we treat the State's argument as a nonexhaustion-of-state-remedies defense.[3]

The United States Supreme Court addressed the meaning of the exhaustion requirement, as codified at 28 U.S.C. § 2254(b), in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The Court, reasoning from the considerations of federal-state comity underlying the exhaustion doctrine, held that the statutory exhaustion requirement was satisfied once the "substance of a federal habeas corpus claim" has been presented to a state court. *Id.* at 278, 92 S.Ct. at 513. Presentation of a claim's "substance", the court noted, does not require the defendant to cite "book and verse on the federal constitution." *Id.* at 278, 92 S.Ct. at 513 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1958)). Rather, it is only necessary that the federal claim be "fairly presented" to the state courts so that they have the first opportunity to hear the claim sought to be vindicated by the federal habeas petition. *Id.* 404 U.S. at 275–276, 92 S.Ct. at 512–513. *See also Jones v. Hess,* 681 F.2d 688 (10th Cir.1982). Although the Supreme Court has interpreted the "fair presentation" standard as requiring more than that "all the facts necessary to support the federal claim were before the state courts, ... or that a somewhat similar state-law claim was made," *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982), the language of *Picard* makes clear that a failure to invoke talismanic language (cite "book and verse" of the constitution) should not be the basis for a finding of nonexhaustion. *See Tamapua v. Shimoda,* 796 F.2d 261, 263 (9th Cir.1986).

■ The thrust of Nichols' appeal to the New Mexico Supreme Court was that the trial court erred in refusing to grant his request for a mistrial because the unsolicited remark of witness Hammack rendered his trial unfair, especially when viewed in the context of the trial as a whole. Nichols argued that Hammack's remark prejudicial-

---

**3.** The cases cited by the State in support of its argument are inapposite as they address the issue of procedural default.

ly violated a "substantial right," rec., vol. I, doc. 8, ex. C at 37, and that the "administration of justice was tainted," *id.* at 39. Although Nichols did not explicitly refer to the phrase "due process" in the relevant argument heading of his brief or in the body of his argument, nor refer to any federal cases, he did cite the Fifth Amendment due process clause as one basis for his claim in the docketing statement he filed with the New Mexico Supreme Court. Nichols' appellate papers thus put the New Mexico Supreme Court on notice that Nichols raised a constitutional violation and provided that court an opportunity to consider the claim.

■ Nichols makes essentially the same argument in his habeas petition, but now explicitly characterizes it in terms of a due process violation. Considering that Nichols' state appellate papers referred to the due process clause as a basis for his claim, and the fact that fairness of trial is a fundamental concern of due process, *see e.g., Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941), we do not believe this label change and his reference to additional relevant facts[4] creates a fundamentally new argument which the state courts did not have an opportunity to consider. *Compare Batten v. Scurr,* 649 F.2d 564, 568 (8th Cir.1981) (raising allegation in state court that trial court erred in not granting mistrial when witness made prejudicial remark about defendant is insufficient, without more, to exhaust claim that remark rendered trial so fundamentally unfair as to result in denial of due process). We conclude from a careful review of the record that Nichols did satisfy *Picard's* "fair presentation" requirement and so exhausted his state remedies. We therefore proceed to consider the merits of his claim.

### III.

■ Our review of Nichols' convictions challenge is *de novo* because the question of whether the unsolicited remarks of a witness constitute prejudice of constitutional dimension is a mixed question of fact and law. *Cf. United States Ex Rel. Shaw v. De Robertis,* 755 F.2d 1279, 1282 n. 2 (7th Cir. (1985) (question whether prosecutor's comment is conduct so prejudical as to violate due process is a mixed question of fact and law reviewed *de novo* by appellate court); *cf. also Taylor v. Lombard,* 606 F.2d 371, 375 (2d Cir.1979) (alleged prosecutorial use of perjured testimony). Nevertheless, the scope of our review is narrow: our responsibility is to ensure that Nichols was afforded the protections of due process, not to exercise supervisory powers over the New Mexico state courts. *Donnelly v. DeChristoforo,* 416 U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974). The New Mexico state courts' evidentiary and procedural rulings may not be questioned unless Nichols demonstrates that the remark by witness Hammack was so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness essential to the concept of due process. *Id.; Brinlee v. Crisp,* 608 F.2d 839, 850 (10th Cir.1979) *cert. denied,* 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed. 2d 733 (1980); *Batten,* 649 F.2d at 569.

■ Nichols' challenge focuses on witness Hammack's remark that Nichols "noticed some inmates that he knew from...." Appellant's Brief-in-Chief at 18. Nichols contends that two other remarks, one by witness Burks and one by the prosecutor in closing argument, and the judge's ruling permitting the admission of evidence of his prior convictions exacerbated the prejudice of Hammack's remark. *Id.* at 18–20. We note at the outset that the trial judge was apparently concerned about potential prejudice resulting from reference to Nichols' prior convictions, as evidenced by his order that no reference be made to them without first holding a bench conference. At the time of the remark, however, the judge

---

4. The New Mexico Supreme Court referred to three of the four facts relied on by Nichols in his habeas petition as demonstrating prejudice: remarks by two witnesses and the trial court's ruling on the admissibility of prior convictions

evidence. The fourth fact, the prosecutor's remark in closing argument, does not so change the character of his claim as to render it unexhausted. *See Jones v. Hess,* 681 F.2d 688, 694 (10th Cir.1982).

determined that the unsolicited remark was not sufficiently prejudicial to warrant a mistrial. Moreover, the judge offered to give a cautionary instruction to the jury, but Nichols declined the offer. Such an instruction would have cured any possible prejudice complained of here. We are unpersuaded that this remark alone so prejudiced Nichols' right to a fair trial that he was denied due process.

■ Nor do we believe that the other remarks or the judge's refusal to preclude the admission of evidence of Nichols' prior convictions so exacerbated the alleged prejudice of Hammack's remark as to deprive Nichols of his constitutional right to a fair trial. In this connection, we note that evidence of Nichols' prior convictions could have been admitted for purposes of impeachment under New Mexico Rule of Evidence 11–609, N.M. SCRA 11–609 (1986), when Nichols took the stand. We cannot say on the record before us that Nichols suffered prejudice of constitutional dimension.

## IV.

■ Nichols also challenges his enhanced sentence for armed robbery on due process grounds. He argues that he was deprived of his constitutional right to have an impartial tribunal determine his status as a second offender because the sentencing judge was biased. The source of the alleged bias is the judge's knowledge, from pre-trial motions and Nichols' own testimony at trial, of Nichols' previous conviction for armed robbery. We find this contention to be without merit.

This court held in *Brinlee* that, "[u]nless they amount to constitutional violations, prejudicial comments and conduct by a judge in a criminal trial are not proper subjects for collateral attack...." 608 F.2d at 853 (citation omitted). In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was "actually biased or prejudiced against the petitioner." *Dyas v. Lockhart*, 705 F.2d 993, 996 (8th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983) (citations omitted). The Supreme Court has recognized, however, that the likelihood of bias or appearance of bias can, in certain circumstances, be so substantial as to create a conclusive presumption of actual bias. *See, e.g., Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975) (there are cases where "experience teaches that the probability of actual prejudice on the part of the judge or decision maker is too high to be constitutionally tolerable"); *Taylor v. Hayes*, 418 U.S. 488, 501, 94 S.Ct. 2697, 2704, 41 L.Ed.2d 897 (1974) ("the inquiry must be not only whether there was actual bias ..., but also whether there was ... 'a likelihood of bias or an appearance of bias....'") " 'Such a stringent rule may sometimes bar trial by judges who have no actual bias and would do their very best to weigh the scales of justice equally between contending parties,' but due process of law requires no less." *Id. (quoting In re Murchinson*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955)). *But see, e.g., Margoles v. Johns*, 660 F.2d 291, 296 (7th Cir.1981), *cert. denied*, 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982) ("[A] litigant is not denied due process by either the "appearance" of partiality or by circumstances which might lead one to speculate as to a judge's impartiality. A litigant is denied due process if he is *in fact* treated unfairly.") The test for assessing whether the likelihood of or appearance of bias is so great as to be constitutionally intolerable is whether "the judge [is] unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Taylor*, 418 U.S. at 501, 94 S.Ct. at 2704.

We are convinced that Nichols was not denied due process in his enhancement hearing under either the "actual bias" or "likelihood or appearance of bias" standard. Judge Cole of the New Mexico state district court, who served as both the trial and sentencing judge, heard uncontradicted testimony at the enhancement hearing establishing that Nichols previously had been convicted for armed robbery. The judge explicitly stated that this evidence was suf-

ficient to make a finding that Nichols was convicted of armed robbery for the second time in the case tried before him. Rec. vol. II, Tape 2, 3/18/85 at #498.[5] Judge Cole then noted, *id.* at #489–91, apparently in an effort to preserve a clear record for appeal, that it was impossible for a trial judge to "divorce the trial proceedings, or the pretrial proceedings from [the sentencing hearing].[6] Contrary to Nichols, we do not read this statement as indicating reliance on information from proceedings prior to the sentencing hearing, but as an acknowledgement that he was aware of Nichols prior admissions.[7]

Even if we read this statement as indicating some measure of reliance, however, it does not demonstrate any "actual bias" on the part of Judge Cole towards Nichols. Neither does it show a "likelihood of bias or appearance of bias" so great that Judge Cole was unable to "hold the balance between vindicating the interests of the court and the interests of the accused." *Taylor,* 418 U.S. at 501, 94 S.Ct. at 2704. Because we conclude that Nichols has failed to demonstrate any bias, much less that of a constitutional magnitude, we affirm the order of the district court.

AFFIRMED.

---

**5.** The tape numbers are readings from the tape counter of a Sony Dictator Secutive BM–40.

**6.** The relevant portion of the sentencing hearing is as follows:

"I'm going to find that for the purpose of sentencing that Mr. Nichols is being convicted of armed robbery for the second time. I think there's sufficient evidence at this hearing to make that finding, but it's impossible for a trial judge to divorce the trial proceedings, or the pretrial proceedings, from this. And on appeal, any appellate court should know that my uh decision is either supported or tainted by the fact that prior to trial certain motions were submitted to me by the defense

... and at the time of the trial that the defendant on the stand actually admitted a prior conviction. Does that make your record Mr. Lopez?"

Rec., vol. II, Tape 2, 3/18/85 #484–502.

**7.** Because we resolve this issue on the basis of Nichols' failure to establish any violation, much less one of constitutional dimension, we do not discuss the issue of the source of the alleged bias. We note, and petitioner concedes, however, that as a general rule the source of the alleged bias must be extra-judicial. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).