39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sharon Lynn NELSON, Petitioner-Appellant,
v.
Mark MCKINNA, Gale Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 94-1329.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1994.
 
 1
 Before TACHA, BRORBY and EBEL, Circuit Judges
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Sharon Lynn Nelson appeals the district court's order dismissing her petition for a writ of habeas corpus for failure to exhaust. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and we reverse.[2]
 
 
 4
 On June 7, 1989, Ms. Nelson pled guilty in Colorado state court to first degree murder of her husband Perry Nelson. She was thereafter sentenced to a term of life imprisonment with no possibility of parole for at least twenty years. On August 23, 1990, Ms. Nelson filed a pro se motion for post-conviction relief under Rule 35(c) of the Colorado Rules of Criminal Procedure. The thrust of this motion was that her guilty plea was not made knowingly and voluntarily because she was under duress and severe emotional distress attributable to alleged threats from her co-defendant and the possibility of facing a sentence of death.
 
 
 5
 On January 7, 1991, Ms. Nelson filed a motion in the Colorado state court seeking to have an expert psychologist appointed to evaluate her mental condition to determine whether she was competent to have pled guilty in 1989. Attached to the motion was official documentation showing that although Ms. Nelson had been approved for a psychiatric evaluation at court expense prior to the time she pled guilty, the court allotted an insufficient sum of money to permit this evaluation to take place. Her appointed counsel did not pursue this issue further and her guilty plea was subsequently entered without the benefit of an evaluation. On February 20, 1991, the Colorado post-conviction court summarily denied Ms. Nelson's motion for a psychiatric evaluation. On April 22, 1991, after a hearing, the Colorado state court denied her Rule 35(c) motion, concluding her plea was in fact voluntary.
 
 
 6
 Ms. Nelson, now represented by the Colorado public defender, appealed the denial of her Rule 35(c) motion to the Colorado Court of Appeals, asserting that her plea was involuntary due to coercion and threats. She did not raise a claim regarding the denial of her motion for appointment of an expert psychiatrist. On August 20, 1992, the Colorado Court of Appeals affirmed the denial of her Rule 35(c) motion in an unpublished opinion.
 
 
 7
 After her petition for rehearing was denied by the Colorado Court of Appeals on September 24, 1992, her counsel filed a petition for a writ of certiorari in the Colorado Supreme Court. The issue presented to that court was framed as follows:
 
 
 8
 Whether the court of appeals erred in not holding that the district court violated Ms. Nelson's right to due process of law by--contrary to the requirements of Ake v. Oklahoma, 470 U.S. 68 (1985), Blehm v. People. 817 P.2d 988, 994 (Colo.1991), 16-8-119, 8A C.R.S. (1986), and the ABA Criminal Justice Mental Health Standards--denying her motion for a confidential psychiatric expert to evaluate her emotional state to determine whether she had the capacity to knowingly and voluntarily plead guilty.
 
 
 9
 On March 15, 1993, the petition was denied.
 
 
 10
 On November 29, 1993, Ms. Nelson then filed a pro se petition for a writ of habeas corpus in federal court, raising three issues: (1) due process was violated by the acceptance of her guilty plea because it was not made knowingly and voluntarily; (2) due process was violated by the denial of her request for a court-appointed psychiatrist; and (3) ineffective assistance of trial counsel in allowing her to plead guilty without a mental evaluation.
 
 
 11
 The district court referred the matter to a magistrate judge pursuant to 28 U.S.C. 636(b). On December 1, 1993, the magistrate judge directed Ms. Nelson to show cause why the petition should not be dismissed for failure to exhaust. Specifically, the magistrate judge opined that Ms. Nelson's petition was a "mixed" petition, containing both exhausted and unexhausted claims, which was subject to dismissal under the "total exhaustion" rule of Rose v. Lundy, 455 U.S. 509, 522 (1982). Because Ms. Nelson's third claim was unexhausted, she was ordered to show cause. In response to this order, Ms. Nelson elected to forego her ineffective assistance of counsel claim, thereby permitting the court to resolve only the exhausted claims.
 
 
 12
 On February 4, 1994, the magistrate judge granted Ms. Nelson's motion for appointment of counsel. On April 28, 1994, counsel filed a supplemental pleading seeking to "dismiss without prejudice Ground Two in the Petition for Writ of Habeas Corpus to avoid the dismissal of this case as a mixed petition'." It appears that this motion was granted, although the record does not contain specific documentation to this effect.
 
 
 13
 On June 24, 1994, the magistrate judge concluded that the sole claim remaining in Ms. Nelson's petition--regarding the validity of her guilty plea--was also unexhausted.[3] The magistrate judge stated "Petitioner has not exhausted her claims regarding her guilty plea because these claims never were presented to the Colorado Supreme Court." The magistrate judge concluded the sole issue presented to that court involved a separate claim regarding whether the denial of her motion for a court-appointed expert violated her right to due process on the basis of her indigency. The magistrate judge held the "cursory references to the involuntariness of her plea contained in her petition [to the Colorado Supreme Court for a writ of certiorari] do not constitute a fair presentation' of these claims." Accordingly, the magistrate judge recommended the petition be dismissed.
 
 
 14
 Ms. Nelson filed timely objections to the magistrate judge's report and recommendation pursuant to 28 U.S.C. 636(b)(1)(C), claiming she had in fact satisfied the "fair presentation" component of the exhaustion requirement. See Picard v. Connor, 404 U.S. 270 (1971); Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.), cert. denied, 490 U.S. 1112 (1989).
 
 
 15
 On July 11, 1994, the district court overruled Ms. Nelson's objections, and accepted the magistrate judge's recommendation that the petition be dismissed due to the failure to exhaust. The district court correctly framed the narrow issue before it as:
 
 
 16
 whether petitioner adequately presented to the Colorado Supreme Court, in her petition seeking a writ of certiorari from that court, the constitutional claim[ ] now presented here [which is whether] her guilty plea violated the Due Process Clause of the Fourteenth Amendment, because it was the product of duress, emotional distress, and/or incapacity.
 
 
 17
 The district court analyzed this issue and concluded that while Ms. Nelson had in fact asserted this claim before the Colorado Court of Appeals, her petition for a writ of certiorari was inadequate to meet the "fair presentation" requirement. Specifically, the court stated:
 
 
 18
 Although petitioner now points to selected sparse sentences in her submission to the Colorado Supreme Court which might be construed as asserting the grounds which she continues to assert here, a reasonable and fair reading of the document which she submitted to the Colorado Supreme Court is that she had abandoned a direct attack on her guilty plea in favor of an attack on perceived errors in the state district court's rulings concerning court-appointed expert witnesses.... I agree with the magistrate that the claims which are currently being pursued were not fairly presented' to the Colorado Supreme Court. Whether a claim has been fairly presented' should be determined by asking how a court would reasonably interpret the arguments which petitioner actually made, not by scouring state-court submissions that contain sporadic excerpts which, in retrospect and out of context, arguably foreshadowed the claims later presented in federal court.
 
 
 19
 Although the issue is close, we believe, for reasons stated below, the district court's conclusion was erroneous and we reverse.
 
 
 20
 A district court's determination that a habeas petitioner failed to exhaust available state remedies is a question of law subject to de novo review. See Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir.1992) (legal issues in a habeas petition reviewed de novo ); see also Fox v. Kelso, 911 F.2d 563, 568 (11th Cir.1990) (conclusions as to exhaustion are reviewed de novo ).
 
 
 21
 It is settled law that the exhaustion requirement codified in 28 U.S.C. 2254(b), which is grounded in "considerations of federal-state comity," see Nichols, 867 F.2d at 1252, is satisfied when the state appellate courts are presented with "the opportunity to rule" on the substantive merits of the federal claim now being advanced in federal court. See Miranda v. Cooper, 967 F.2d 392, 398-99 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). The rationale for the "fair presentation" requirement is that the state courts should be given the opportunity to address federal claims in the first instance since "state courts will enforce the federal constitution as fully and fairly as a federal court." Id. at 398 (citations omitted). In this regard, we stated:
 
 
 22
 Although the Supreme Court has interpreted the fair presentation' standard as requiring more than that all the facts necessary to support the federal claims were before the state courts, ... or that a somewhat similar state-law claim was made,' Anderson v. Harless, 459 U.S. 4, 6 (1982), the language of Picard makes clear that a failure to invoke talismanic language (cite book and verse' of the [C]onstitution) should not be the basis for a finding of nonexhaustion. See Tamapua v. Shimoda, 796 F.2d 261, 263 (9th Cir.1986).
 
 
 23
 Nichols, 867 F.2d at 1252.
 
 
 24
 The district court concluded Ms. Nelson's petition to the Colorado Supreme Court failed to satisfy the "fair presentation" requirement. We do not agree. The petition contains various references to the constitutionality of her guilty plea. For example, the statement of the issue presented in the petition makes reference to the denial of her motion for a psychiatric evaluation and whether there was a due process violation. The introductory section of her petition states she is seeking review of "the district court's order denying her Crim. P. 35(c) motion to vacate her plea of guilty to murder in the first degree." The first sentence of her argument states "Ms. Nelson's psychological disabilities prevented her from entering a knowing and voluntary guilty plea." Later in her argument, she states "[a] court's acceptance of a guilty plea from an incompetent defendant violates due process of law." In support of this rather fundamental proposition--that a guilty plea may not be entered by a defendant who is not competent or who is under duress--she cites Blehm v. People, 817 P.2d 988 (Colo.1991). Blehm expressly references two leading United States Supreme Court decisions standing for the proposition that federal due process is violated by formal proceedings against a defendant who is otherwise incompetent. Id. at 993-94. While the phrasing of the petition certainly leaves something to be desired, the question before us is whether what was in fact presented was sufficient to satisfy the Picard "fair presentation" requirement. We believe it was.
 
 
 25
 To be sure, the petition contains references indicating Ms. Nelson was seeking review of the order denying her motion for appointment of a psychiatrist, an issue she had not raised in the Colorado Court of Appeals. We express no opinion as to whether this issue would be reviewable under Colorado law; we note, however, that the fact Ms. Nelson may have tried to raise this issue as well is not particularly relevant to the inquiry presented here, which is whether the petition fairly presents, to the Colorado Supreme Court, the question whether her guilty plea was constitutional. We cannot agree with the district court that the references in the petition were such that they did not present the Colorado Supreme Court with the opportunity to reach the merits of this issue. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam ) (stressing that the exhaustion requirement focuses on whether the state appellate courts were given the opportunity to address the claim at issue, regardless of whether the courts actually address the claim).
 
 
 26
 The burden of satisfying the "fair presentation" requirement is not great. Cf. Nichols, 867 F.2d at 1253 (finding a reference to the due process clause of the Fifth Amendment in the docketing statement sufficient to give a state court notice of pro se petitioner's constitutional claim). While we are cognizant that Ms. Nelson's petition was not a pro se pleading, but rather, was drafted by court-appointed counsel, we believe an objective reading of her petition demonstrates it sufficiently presented the issue she seeks to have adjudicated in federal court to the Colorado Supreme Court so as to satisfy Picard.
 
 
 27
 In making this determination, we re-emphasize what our precedents already make clear: that the focus must necessarily be on the substantive allegations in the relevant pleadings, as opposed to any particular form of words or talismanic incantation, and that the pleadings at issue must be read together to determine if the state appellate courts could fairly have reached the issue now sought to be adjudicated in federal court. Although this case tests the limits of the "fair presentation" requirement in a case not involving a pro se petitioner, we cannot agree with the district court that the petition failed to "fairly present" the claim of the constitutionality of Ms. Nelson's guilty plea. Therefore, we reverse the district court's decision and remand for further proceedings. Of course, we intimate no view on the merits of Ms. Nelson's claim. All we hold here is that it was error to dismiss her petition for failure to exhaust.
 
 
 28
 Accordingly, we REVERSE and REMAND this action to the district court for further proceedings not inconsistent with this decision.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Ms. Nelson's motion for leave to proceed in forma pauperis and her motion for a certificate of probable cause to appeal under 28 U.S.C. 2253
 
 
 [3]
 This conclusion was reached in spite of the fact that the initial order to show cause served on Ms. Nelson advised her that the court was considering dismissing her petition because her third claim (ineffective assistance of counsel) was unexhausted, not her first claim