**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY PAUL,

      Petitioner - Appellant,

      v.

ANTHONY REID and
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 02-1122
D.C. No. 01-M-1620
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Anthony Paul, a state prisoner proceeding pro se, requests 1) a certificate of appealability (a "COA") to appeal the denial of his 28 U.S.C. § 2254 habeas petition and 2) authorization to proceed in forma pauperis ("IFP"). For the reasons stated below, we deny a COA, deny IFP status, and dismiss the appeal.

## I. BACKGROUND

Mr. Paul was convicted by the State of Colorado for the crimes of intimidating a witness and child abuse resulting in injury. Mr. Paul, represented by counsel, filed a direct appeal. On direct appeal, the Colorado Court of Appeals affirmed his convictions. Subsequently, the Colorado Supreme Court denied Mr. Paul's petition for a writ of certiorari.

Mr. Paul then filed a petition for a writ of habeas corpus in federal district court in Colorado. In his habeas petition, Mr. Paul raised six primary claims:

> (1) the jury instructions did not specify the victim of the witness intimidation count;
> (2) the trial court allowed the prosecution to amend the information at trial;
> (3) the trial court presented evidence of his bad character;
> (4) insufficient evidence supports his convictions;
> (5) the prosecution committed several instances of misconduct; and
> (6) cumulative error infected his trial.

See Rec. vo1. 1, doc. 3 (Application for a Writ of Habeas Corpus, filed Aug. 17, 2001). Each of these claims had been presented in his direct appeal as an alleged

-2-

state law violation, but not as an alleged error in violation of the United States Constitution.

The district court denied the habeas petition, holding that "there is . . . a failure to exhaust available remedies as required under 28 U.S.C. § 2254(b)(1)." Rec. vol. 1, doc. 17, at 2 (District Court Order, filed Feb. 6, 2002). The district court also stated that "[e]ven if this court were to review this application on the merits the application must be dismissed [for failure to satisfy the standard of 28 U.S.C. 2254(d)]." Id.

## II. DISCUSSION

For several reasons, we construe the district court's ruling to be based solely on failure-to-exhaust grounds, a procedural holding. First, the district court's statement that Mr. Paul did not satisfy the standards for habeas relief was conditional. Further, the district court provided no analysis of the merits of Mr. Paul's claim and the government did not request that the district court reach the merits. Finally, the district court made no finding on, nor has either party submitted briefing on, whether Mr. Paul would be procedurally barred from exhausting his claims in the Colorado courts. Compare Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1991) (stating that "dismissal . . . for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred").

-3-

Because the district court's ruling was on procedural grounds, Mr. Paul may obtain a COA only if he shows that "jurists of reason would find it debatable [1] whether the petition states a valid claim of the denial of a constitutional right" and [2] "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Applying that standard, Mr. Paul has not demonstrated that the correctness of the district court's procedural ruling is debatable among jurists of reason. As a state prisoner bringing a federal habeas action, Mr. Paul shoulders the burden of showing that he has exhausted all available remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). To satisfy this requirement, Mr. Paul must show that he presented as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a postconviction attack," those issues that he raises in his federal habeas petition. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Because Mr. Paul never filed for post-conviction relief in Colorado, the question is whether Mr. Paul satisfied the state exhaustion requirements through his direct appeal. Mr. Paul need not have invoked "talismanic language," or have cited "book and verse of the federal constitution," but he must have on direct appeal presented the "substance" of each of the federal constitutional claims raised in his federal habeas petition. Nichols

-4-

v. Sullivan , 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotation marks omitted).

Mr. Paul did not do so. On direct appeal, he did not present *any* of the claims that he raised as violations of federal constitutional law, relying exclusively on Colorado authority. Arguably, his two due process claims – the cumulative error and insufficient evidence claims – were properly postured for federal habeas review because although Mr. Paul on direct appeal briefed his claims only by reference to Colorado law, the substance of Colorado's due process standard follows the federal standard. See Kogan v. People , 756 P.2d 945, 950 (1988) (applying federal constitutional standard to evaluate Colorado due process claim). However, because the other four claims raised in Mr. Paul's state papers were not presented as claims of federal constitutional law or argued under a standard that is identical or even extremely close to a federal standard, the remaining claims are clearly not exhausted.

Thus, even assuming that Mr. Paul has exhausted certain of the issues raised in his habeas petition, his petition is, at best, a "mixed petition" containing both exhausted and unexhausted claims. Harris v. Champion , 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (citing Rose v. Lundy , 455 U.S. 509, 522 (1982)). A district court generally "must," as the district court in this case did, "dismiss habeas petitions containing both unexhausted and exhausted claims." Harris , 48 F.3d at

1131 (quoting Rose, 455 U.S. at 522). Mr. Paul therefore has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

### III. CONCLUSION

For the foregoing reasons, we DENY Mr. Paul's request for a COA, DENY the request to proceed IFP, and DISMISS the appeal.[1] Mr. Paul is reminded that he must pay the $105.00 filing fee in full to the Clerk of the District Court for the District of Colorado.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] Because the district court did not identify whether the dismissal of Mr. Paul's habeas petition was with prejudice or without prejudice, we construe the dismissal to be without prejudice. See Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997) (noting that "[g]enerally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued.").