**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK M. MUNIZ,

     Petitioner-Appellant,

v.

DAVID TRUJILLO, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents-Appellees.

No. 03-2306
(District of New Mexico)
(D.C. No. CIV-03-157-WPJ/WDS)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

This matter is before the court on Frank M. Muniz's *pro se* request for a

certificate of appealability ("COA"). Muniz seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA).

Because Muniz has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in New Mexico state court, Muniz was convicted of kidnapping (firearm enhancement), aggravated assault on a peace officer with a deadly weapon (firearm enhancement), attempted escape from a peace officer (firearm enhancement), and attempted disarming of a peace officer (firearm enhancement). After exhausting his state court remedies, Muniz filed the instant 28 U.S.C. § 2254 habeas petition. In his § 2254 petition, Muniz raised the following three claims: (1) the prosecutor's mention of Muniz's incarceration during his opening statement deprived Muniz of a fair trial; (2) allowing the victim to testify at trial about his investigation of the incident deprived Muniz of a fair trial; and (3) the trial court erred in admitting into evidence at trial information that a gun found at the time of Muniz's apprehension had been stolen. In denying Muniz's habeas petition, the district court concluded that Muniz's first and second claims were procedurally defaulted. Muniz had failed to raise objections at trial to the prosecutor's statement and the testimony of the victim and, accordingly, the New Mexico Court of Appeals concluded on direct appeal that the issues were waived.[1] Because Muniz had not offered a showing of cause

---

[1]As noted by the district court, there is some limited discussion in the opinion of the New Mexico Court of Appeals of the merits of these two claims. That discussion, however, is strictly limited to a determination whether to

-2-

and prejudice or a fundamental miscarriage of justice, the district court concluded Muniz's first two claims were procedurally barred. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) ("On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."). As to Muniz's third claim, the district court concluded that in light of the weight of the evidence, the admission of evidence that the weapon was stolen did not render Muniz's trial fundamentally unfair. *Nichols v. Sullivan*, 867 F.3d 1250, 1253 (10th Cir. 1989) (holding that state-court evidentiary rulings will support habeas relief only where that ruling rendered a petitioner's trial fundamentally unfair).

In his application for a COA, Muniz raises only the first and second claims he presented to the district court. To be entitled to a COA, Muniz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable

---

disregard the waiver. As to both issues, the state court ultimately concluded that Muniz had failed to adequately demonstrate "plain or fundamental error" sufficient to overcome his waiver. In these circumstances, the district court correctly concluded that the New Mexico Court of Appeals "clearly and expressly" rested its rejection of Muniz's claims on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 261-63 (1989) (holding that a procedural default will bar federal habeas review of defaulted claims where the state court "clearly and expressly" rests its decision on that procedural bar).

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Muniz has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Muniz need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Muniz's application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Muniz is not entitled to a COA. The district court's resolution of Muniz's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Muniz's request for a COA and **DISMISSES** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
      Deputy Clerk

-4-