**CIRCLE A DRILLING COMPANY,**
Plaintiff,

v.

**William F. SHEEHAN, Jr., Defendant.**

**Civ. A. No. 9534.**

United States District Court
D. Colorado.

Feb. 18, 1966.

Peter J. Wall, Denver, Colo., for plaintiff.

WILLIAM E. DOYLE, District Judge.

The above-entitled action is a suit upon a note allegedly executed but never performed. Diversity jurisdiction is properly alleged, and it is contended by plaintiff that the personal jurisdiction requirement is satisfied under the terms of Colorado's recently enacted "long-arm" statute, House Bill No. 1255, Chapter 119, 1965 Colorado Session Laws. That statute states in pertinent part:

"(1) (a) Engaging in any act hereinafter enumerated by any person, whether or not a resident of the state of Colorado * * * submits such person, * * * to the jurisdiction of the courts of this state, concerning any cause of action arising from:

"(b) The transaction of any business within this state; * * *"

In response to this Court's doubts concerning the applicability of Colorado's long-arm statute in this case, plaintiff has submitted a memorandum supporting his position. The issue for determination is whether, consistent with the concepts of due process indicated by the United States Supreme Court in the cases of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Colorado statute may be held to give this Court jurisdiction over the defendant in the circumstances of this case.

The statute in question was modeled after a 1955 Illinois statute granting extra-territorial jurisdiction to Illinois courts over any non-resident who "in person or through an agent does any of the acts hereinafter enumerated * * * (a) The transaction of any business within this State; * * *." Ill.Rev.Stat., ch. 110, § 17 (1955). Many jurisdictions have adopted similar measures. Colorado courts have not yet construed the extent of the statute, though in varying circumstances this Court has recognized its applicability. See Zerr v. Norwood, C.A. No. 9517; Smith v. Putnam, C.A. No. 9298. As the broad language must be applied to particular circumstances, the facts of this case as presented by plaintiff's brief must be recited.

In April, 1965, plaintiff and defendant "conducted negotiations" in Denver, Colorado, which resulted in the execution of a contract in Denver on April 16, 1965. The length and extent of negotiations is not shown, nor is it suggested whether preliminary negotiations occurred elsewhere. By the terms of the agreement plaintiff was to drill a test oil and/or gas well in Wyoming and defendant was to pay for such drilling. The well was completed in the latter part of April, 1965; by September 28, 1965, defendant had paid $22,500.00 of the sum due on the contract.

Plaintiff alleges that defendant was delinquent in making the payments called for by the contract, and that plaintiff "was in repeated contact" with defendant concerning such payments. It is not alleged where or in what form such "contact" occurred. On September 7, 1965, defendant executed a promissory note in Billings, Montana, for $10,450.00 payable to plaintiff on or before October 18, 1965. When defendant failed to pay the sum, plaintiff instituted this suit upon the note. It is contended that this Court must look to the surrounding circumstances in determining whether the underlying facts giving rise to this cause of action constituted "transaction of any business" within the meaning of the Colorado statute.

In International Shoe Co. v. State of Washington, supra, the Supreme Court rejected any rigid territorial concept of *in personam* jurisdiction. The following comments are here pertinent:

"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. * * * It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. 253, 78 S.Ct. 1239.

With these guidelines in mind, the constitutionality of any state long-arm statute depends on the manner of its particular application to the facts presented. In the absence of controlling Colorado decisions, this Court must construe the Colorado statute (in the abstract) so as to render it free from constitutional doubt.

Plaintiff urges that because he could have sued upon either the contract or the note, the suit should be considered as one arising from the contract. The premise defeats the conclusion of that argument, however. Plaintiff elected to sue upon the note. Whether or not the contract was extinguished by the execution of the note under the applicable law is irrelevant. Had the note not been

244

executed, plaintiff would have an action upon the contract. Had no contract been executed, plaintiff would still have an action on the note, questions of consideration aside. Plaintiff has elected to sue on the note; thus the circumstances surrounding the making of the note are of primary importance, as they give rise to this cause of action.

■ The note was executed in Montana. Presumably all negotiations took place there; at least, it is nowhere intimated that any negotiations concerning the note took place in Colorado. The only contact with Colorado, if such can be deemed a "contact", is the fact that part of the consideration was, presumably, a contract executed in Colorado. Such contact does not satisfy "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 316, 66 S.Ct. 158.

Plaintiff argues that sufficient minimal contacts with Colorado did occur in light of the fact that the negotiation and execution of the contract occurred there. He relies on the case of Longines-Wittnauer W. Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E. 2d 68 (N.Y.Ct. of App.1965). There the court held, with one dissent, that the New York long-arm statute, granting New York courts jurisdiction over one who "transacts any business within the state," applied in three consolidated cases. In the action relied on by plaintiff, the court found that the defendant Illinois corporation had conducted considerable negotiations in New York before signing the contract in Chicago; that the contract provided specifically that it was a New York contract, to be governed by New York law; that a supplemental agreement was signed by defendant in Chicago and by plaintiff in New York; that machines specified in the contract were installed in New York and were to be operated there; and that agents of defendant had spent considerable time in New York installing and testing the machines. The majority of the court found all of these activities sufficient contact with New York for the statute's operation.

Accepting, arguendo, the contention that attendant facts must be considered, and accepting also the tenuous proposition that facts surrounding the making of the contract in Colorado are "attendant" to the making of the note in Montana, still no such contact as was present in the Longines-Wittnauer suit is demonstrated. Here the underlying contract was to have been performed in Wyoming. The Longines-Wittnauer decision, based on numerous and substantial contacts between defendant and the forum state, is not apposite. Similarly, the recent decision of United States v. Montreal Trust Co., 2 Cir. 1966, 358 F.2d 239, is based on a factual situation disclosing far more contacts with the forum state (New York) than are here presented.

■ Were the instant suit filed on the contract, assuming substantial negotiations in Denver, a different conclusion might well result. But the suit is for payment on a note which was executed in Montana. A note is a specialty and is not to be regarded as the same transaction as that which gave rise to the debt. The note stands alone. Its contact with Colorado in this case is only indirect. The fact that defendant previously negotiated and executed a contract in Colorado which apparently served as partial consideration for the note is for personal jurisdiction purposes remote from the note made in Montana. It will not permit Colorado courts to exercise *in personam* jurisdiction over the Montana maker. Thus this Court, in this diversity suit, is without jurisdiction over the person of the defendant.

For the above reasons, it is

Ordered, that the above-entitled action be, and the same hereby is, dismissed for want of jurisdiction.