**William O'BLASNEY, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.**

No. 84–2336.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1985.

Decided Oct. 15, 1985.

Scott Sumner, Rapid City, S.D., for appellant.

Sherrie L. Sundem, Asst. Atty. Gen., Pierre, S.D., for appellee.

Before LAY, Chief Judge, and ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

William O'Blasney, a South Dakota state prisoner, brought this petition for habeas corpus, claiming that the respondent warden is confining him in violation of the Constitution of the United States. O'Blasney has been sentenced to 49 years and ten

months in the penitentiary for the first-degree manslaughter of his infant child. The Supreme Court of South Dakota has affirmed his conviction on direct appeal. *State v. O'Blasney*, 297 N.W.2d 797 (S.D. 1980). In this post-conviction proceeding he claims that the evidence introduced against him at trial was not sufficient to justify rationally the jury's verdict, and that it was fundamentally unfair for the prosecution to introduce evidence that he had unsuccessfully attempted to strike a plea bargain with the State.[1]

This petition was filed on July 23, 1984. The District Court asked for and received the briefs filed by both sides in O'Blasney's direct appeal to the Supreme Court of South Dakota. After reviewing the petition, these briefs, and the Supreme Court's opinion, the District Court dismissed the petition. It took this action on August 29, 1984, after denying O'Blasney's motion for appointment of counsel, and before the State had answered the petition. The District Court said:

> The Court finds no possible error of a constitutional dimension. Therefore, pursuant to 28 Fol. § 2254, Rule 4, ... O'Blasney's petition is hereby dismissed.

■ We reverse. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

**Rule 4. Preliminary Consideration by Judge**

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Oth-

erwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

The Supreme Court has held that summary dismissal of a petition for habeas corpus is appropriate only when the allegations are "patently frivolous or false," *Herman v. Claudy*, 350 U.S. 116, 119, 76 S.Ct. 223, 225, 100 L.Ed. 126 (1956), or "vague, conclusory, or palpably incredible," *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). In habeas corpus proceedings as in other civil actions, a petition ought not be summarily dismissed unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). If the petition is not frivolous and alleges facts which, even though unlikely, would justify granting the writ, then the petitioner is entitled to have his allegations fairly tested.

■ At least one claim sufficiently pleaded in O'Blasney's petition makes it impossible to say, at this early stage of the case, that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Paragraph II of the petition, Designated Record 21, alleges that the evidence was insufficient to negate beyond a reasonable doubt petitioner's defense of mental illness. This claim, especially when read with the indulgence that pro se petitions for habeas corpus deserve, is legally sufficient to raise a *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), issue. In *Jackson* the Supreme Court held

> that in a challenge to a state criminal conviction brought under 28 U.S.C.

---

1. The petition as filed also claimed that the information against O'Blasney had failed to state an offense under South Dakota law. This claim (which appointed counsel does not argue in O'Blasney's brief in this Court) raises issues

of state law only, and is therefore no basis for relief in this federal habeas proceeding under 28 U.S.C. § 2254. The District Court was correct in dismissing it out of hand.

§ 2254 ... the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

*Id.* at 324, 99 S.Ct. at 2791 (footnote omitted).

■ A *Jackson* issue necessarily depends on "the record evidence adduced at the trial." *Ibid.* But here neither the District Court nor this Court has ever had before it a transcript of petitioner's trial. The District Court did consider the state-court appellate briefs which discussed the factual sufficiency of the state's proof, and the Supreme Court of South Dakota considered the issue as argued in those briefs and decided it against the petitioner. But even though the final decision of a state court is entitled to great deference, it is not to be accepted conclusively by a federal court in a habeas action without first determining that there is factual and legal support for that decision. *Maes v. Patterson,* 401 F.2d 200, 201 (10th Cir.1968). Ordinarily a court should examine the actual transcript, or at least those portions of it cited by counsel, before ruling on a *Jackson* sufficiency-of-the-evidence claim. If the facts are agreed to, or if a petitioner, represented by counsel, for some reason represents to the court that it is unnecessary for it to read the transcript, the court might well have discretion to proceed without a transcript, but no such situation exists here. We think the District Court acted too quickly in summarily rejecting petitioner's *Jackson* claim in the circumstances of this case.

Since the case must go back to the District Court for further proceedings in any event, we forego extended discussion of petitioner's other claim, relating to the use against him of testimony that he had offered to plead guilty to second-degree manslaughter. On remand, the District Court should carefully reconsider petitioner's request for appointed counsel. Petitioner has received a long sentence. This is his first request for postconviction relief. We think counsel could be a significant help both to O'Blasney and to the courts. If counsel is appointed, he or she should be allowed to file an amended petition amplifying petitioner's two extant claims of federal constitutional error and clarifying, if need be, the circumstances of the alleged plea bargaining between O'Blasney and the state. The District Court should direct the respondent to file an answer to the petition and to supply it with the complete record of the state-court proceedings against O'Blasney, including the trial transcript. If any expense is involved in securing a copy of the transcript, it should be paid by the United States. See 28 U.S.C. § 753(f).

We are grateful to counsel appointed by this Court for his services on the appeal.

Reversed and remanded with directions.