**Randy Lee CLOSS, Appellant,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary; Mark W. Barnett, Attorney General, State of South Dakota, Appellees.**

**No. 91–2926.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided March 17, 1992.

Susan Jansa Brunick, Sioux Falls, S.D., for appellant.

Patricia Cronin, Pierre, S.D. (Mark Barnett, on brief), for appellees.

Before FAGG and MAGILL, Circuit Judges, and LONGSTAFF,* District Judge.

PER CURIAM.

Randy Lee Closs, a South Dakota inmate, appeals the district court's summary denial of his habeas petition. In his pro se petition, Closs asserted the evidence was insufficient to support one of his convictions for burglary and theft. Without independently reviewing the state trial court record, the district court concluded "from the face of [Closs's] petition and the facts [appearing] in *State v. Closs*, 366 N.W.2d 138 (S.D. 1985), that [Closs was] not entitled to relief." Thus, the district court dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. We reverse and remand.

South Dakota argues "the district court properly dismissed [Closs's] petition based on the face of the pleadings as well as the South Dakota Supreme Court decision." We disagree. Because Closs's petition adequately pleads a sufficiency of the evidence issue under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), South Dakota's argument is foreclosed by our holding in *O'Blasney v. Solem*, 774 F.2d 925 (8th Cir.1985).

---

* The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation.

We clearly stated in *O'Blasney* that resolution of a *Jackson* issue depends on the state trial court record. *Id.* at 927. The well-reasoned opinion of the South Dakota Supreme Court strongly suggests that Closs's claim may be without merit. Nevertheless, the state court opinion "is not to be accepted conclusively by a federal court in a habeas action without first determining that there is factual and legal support for that decision" in the record. *Id.* Although a district court may have discretion to decide a *Jackson* issue without referring to the trial record if the facts are stipulated or the petitioner tells the district court that it need not read the transcript, neither situation exists in Closs's case. *Id.*

Because Closs's case must go back to the district court, we decline to address Closs's claims that he was entitled to separate trials on the burglary and theft charges and that the district court should have given his theory-of-defense instructions. We thus reverse and remand for further proceedings consistent with this opinion.