# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

ROBERT DAVID KNAPP,

     Petitioner-Appellant,

v.

RANDY HENDERSON; ATTORNEY
GENERAL OF THE STATE OF
COLORADO; COLORADO STATE
PAROLE BOARD,

     Respondents-Appellees.

No. 97-1188
(District of Colorado)
(D.C. No. 95-S-370)

ORDER

Filed November 9, 1998

Before **EBEL**, **HOLLOWAY,** and **MURPHY**, Circuit Judges.

     This matter is before the court on appellant's petition for rehearing

pursuant to Fed. R. App. P. 40.  A majority of the original panel has voted to deny

rehearing.  The petition is denied.  The second sentence and the last sentence of

the order and judgment filed on October 6, 1998 have been amended, however, in

response to the unusual procedural history of this case and the procedural

implications pursuant to the Antiterrorism and Effective Death Penalty Act of

1996, as outlined in the petition for rehearing.  The amended order and judgment is attached.

Judge HOLLOWAY would grant the petition for rehearing.

Entered for the Court
PATRICK FISHER, Clerk of Court

By:
Jeanne E. Herrick-Stare
Counsel to the Clerk/Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DAVID KNAPP,

       Petitioner-Appellant,

v.

RANDY HENDERSON; ATTORNEY
GENERAL OF THE STATE OF
COLORADO; COLORADO STATE
PAROLE BOARD,

       Respondents-Appellees.

No. 97-1188
(District of Colorado)
(D.C. No. 95-S-370)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HOLLOWAY,** and **MURPHY**, Circuit Judges.

     Petitioner-Appellant Robert David Knapp appeals the district court's

summary dismissal of his Petition for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 by a Person in State Custody, in which he claimed that his present

confinement is illegal due to Colorado's loss of jurisdiction. Concluding that

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Knapp failed to exhaust his state remedies, we vacate the district court's judgment and remand for the district court to hold in abeyance pending appellant's exhaustion of state remedies, as more fully described herein.[1]

**BACKGROUND**

In 1970, following a Colorado jury trial, Knapp was convicted of first-degree murder and sentenced to life in prison. In 1984, the Colorado State Board of Parole paroled Knapp to Michigan. In 1985, Knapp violated his parole by committing a felony, criminal sexual conduct. As a result of the felony, Knapp was sentenced by a Michigan court to a five-year term of imprisonment and began serving his sentence in 1986. Shortly after Knapp's arrest in Michigan, the Colorado State Board of Parole issued an arrest warrant for Knapp as a parole violator based on the Michigan crime. For a period of time, Michigan officials communicated with Colorado officials regarding Knapp's status and his likely date of release.

In 1988, while still in custody, Knapp mailed a letter to the Colorado State Board of Parole, requesting that his Colorado parole be terminated or that he be allowed to complete his parole in Michigan following his release. According to

_____

[1]Because petitioner filed his petition before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the Act's certificate of appealability provisions do not apply. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998). We grant petitioner a certificate of probable cause.

Knapp, he never received a response. Knapp was released from custody in Michigan in 1989. Colorado authorities made no effort at that time to arrange for Knapp's return to Colorado. Instead, following his release, Knapp settled in Michigan, obtained gainful employment, got married, and became a father. In 1993, Knapp was arrested for the Colorado parole violation. His parole was revoked, and he was returned to the custody of the Colorado Department of Corrections.

Knapp filed a *pro se* petition for a writ of habeas corpus in Colorado district court. In his petition, Knapp claimed, among other things, that Colorado lost jurisdiction over him by failing to take any action between his release in 1989 and his arrest in 1993. In denying the petition, the state district court ignored Knapp's loss of jurisdiction claim. Rather than appealing the court's denial of his petition, Knapp next filed a *pro se* petition for a writ of habeas corpus and/or writ of mandamus in the Colorado Supreme Court, raising only the loss of jurisdiction issue. The Colorado Supreme Court denied Knapp's petition without comment. Knapp then filed the instant petition in which he argues that his custody in Colorado violates the United States Constitution because Colorado abandoned jurisdiction over him.

While the proceedings below were convoluted, the federal district court ultimately denied Knapp's petition on the merits without holding a hearing. The

district court did not decide whether Knapp had properly exhausted his state remedies, but instead found that Knapp's petition failed to allege facts sufficient to state a due process claim.

## DISCUSSION

A state prisoner bringing a federal habeas petition must show that he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, federal claims must be "fairly presented to the state courts" in order to give state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Connor*, 404 U.S. at 275 (internal quotations omitted); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). It is not sufficient that all the facts necessary to support a federal claim were before the state court or that a similar state-law claim was made. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Henry*, 513 U.S. at 365-66. This is not to suggest, however, that petitioner need invoke "talismanic language" or cite "book and verse on the federal constitution." *Nichols v Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotations omitted); *see also Connor*, 404 U.S. at 278. Instead, the crucial inquiry is

-4-

whether the "substance" of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim.[2]  *See Connor*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252.

In Knapp's present petition, he alleges that Colorado, as a result of its inaction, abandoned jurisdiction over him and that its later incarceration of Knapp thus violated his due process rights.  *Cf. Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973) (per curiam) (discussing standard for due process claim based on waiver of jurisdiction).  After carefully reviewing Knapp's petition to the Colorado Supreme Court, as well as his petition to the state district court, which Knapp submitted to the Colorado Supreme Court as an exhibit, this court concludes that Knapp failed to appropriately apprise the Colorado Supreme Court that he was asserting a federal due process claim.

In the petition Knapp filed with the Colorado Supreme Court, he framed his claim in terms of abandonment of jurisdiction, not in terms of due process.  While the petition Knapp filed in the state district court came closer to presenting a due

---

[2]Respondents argue that the Supreme Court's opinion in *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam), imposes a new labeling requirement on petitioners, requiring petitioners to specifically label their claims as federal claims before the state courts.  We need not decide whether *Henry* effected a change in the exhaustion requirements because we conclude below that even absent such a labeling requirement, Knapp failed to fairly present his claim to the Colorado courts.  Nevertheless, *Henry* is instructive of the need to alert state courts to the federal nature of a claim.

process claim, stating that the issue it presented involved "jurisdictional loss affecting fundamental rights of the accused," it did not include in the loss of jurisdiction section any analysis of the manner in which Knapp's fundamental rights were violated. Nor do the cases cited by Knapp in his state habeas petitions address Knapp's due process claim. Instead, the cases cited by Knapp address long arm statutes and the requirement that a state have sufficient contacts to exercise jurisdiction. *See e.g., Circle A Drilling Co. v. Sheehan*, 251 F. Supp. 242 (D. Colo. 1966); *Viernes v. District Court*, 509 P.2d 306 (Colo. 1973) (en banc). Knapp's petitions do not cite any case, federal or state, addressing the due process concerns implicated by delay in returning an individual to custody.[3] Under these circumstances, we cannot say that Knapp fairly presented and gave notice of his due process claim to the Colorado Supreme Court.[4] Knapp's failure to assert a

---

[3]Knapp contends that his citation of a federal case, *Circle A Drilling Company v. Sheehan*, 251 F. Supp. 242, 243 (D. Colo. 1966), for the proposition that the "constitutionality" of the exercise of jurisdiction depends on the facts of the case alerted the Colorado courts that Knapp was relying on federal law. *Circle A Drilling Company*, however, does not address the due process issues raised by Knapp and therefore is not sufficient to fairly alert the Colorado courts that Knapp was asserting a violation of his due process rights based on Colorado's delay in returning him to custody. For similar reasons, Knapp's contention that Colorado law and federal law use identical standards for determining whether a state's delay in returning an individual to custody violates due process is equally unavailing. In this case, Knapp never fairly presented either his federal due process claim or an equivalent state due process claim to the Colorado Supreme Court.

[4]The dissent relies upon a reference on the second page of the petition
(continued...)

-6-

due process claim is especially pronounced when, as here, he specifically raised other federal constitutional claims. *Cf. Henry*, 513 U.S. at 366.

Having concluded that Knapp failed to exhaust his federal due process claim before the Colorado courts, this court must next consider whether he is now procedurally barred from bringing his habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding federal habeas review of claims is barred when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule"). Absent special circumstances, Colorado courts will not ordinarily entertain successive motions for post-conviction relief. *See Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) (en banc). This court, however, declines to speculate whether the Colorado courts would find special circumstances in the context of this case. Therefore, rather

[4](...continued)
before the state district court to a due process claim against the Colorado Board of Parole. Initially, however, this claim was presented as part of petitioner's "second issue" which is an ineffective assistance of counsel claim. More importantly, the due process claims directed at the Colorado Board of Parole in the state district court were discretely and specifically based on a procedural right to a de novo hearing and procedural irregularities before the parole board. Finally, the dissent's reliance on the state's recognition of a federal due process claim in its appellate brief is misplaced. The state addressed the merits of the claim because Knapp's entire opening brief was dedicated to the merits and did not address procedural default. The state's responsive brief did, however, argue procedural default as an alternative ground for affirmance. Respondents-Appellees' Answer Brief at 41-42.

than deem petitioner's claim procedurally barred, this court will permit Knapp to return to the Colorado courts to exhaust his due process claim.[5]

**CONCLUSION**

Because this court concludes that Knapp failed to exhaust his claims before the Colorado courts, we **VACATE** the judgment of the United States District Court for the District of Colorado dismissing Knapp's petition with prejudice, and **REMAND** to the district court with directions to hold the petition in abeyance pending appellant's exhaustion of state remedies. Appellant shall submit a status

---

[5]The federal district court's summary dismissal of Knapp's petition was inappropriate. In dismissing Knapp's petition, the district court relied on the standard provided in Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." As in other civil actions, summary dismissal is inappropriate in habeas corpus proceedings "unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief." *O'Blasney v. Solem*, 774 F.2d 925, 926 (8th Cir. 1985).

After reviewing Knapp's habeas petition to the federal district court, this court concludes that the petition alleged sufficient facts to state a due process claim. Knapp's petition specifically invoked his Fourteenth Amendment due process rights. Factually, the petition alleged, among other things, that Michigan notified Colorado multiple times that Knapp was being released; Colorado did not respond to Michigan's request that Colorado retake custody of Knapp; Michigan discharged Knapp without any supervision; Knapp got married, had children, and obtained gainful employment; over three years later, Colorado had Knapp arrested in Michigan; Colorado provided perjured testimony to obtain the warrant for Knapp's arrest; and Colorado then re-incarcerated Knapp. These allegations, along with Knapp's invocation of the Fourteenth Amendment, are sufficient to withstand summary dismissal. This court therefore vacates the district court's dismissal of Knapp's petition with prejudice.

-8-

report to the district court within 180 days of the date of this order, and then successively within 180 days of that status report and each status report thereafter as necessary, outlining the steps he has taken to exhaust state court remedies and the progress of the matter in the state court. At such time as the state court remedies have been exhausted, appellant shall so notify the district court immediately, and the district court shall reactivate consideration of appellant's § 2254 habeas corpus petition. Should appellant fail to submit status reports as described herein or fail to notify the district court at the conclusion of state court action on this matter, the district court may then dismiss appellant's § 2254 habeas petition with prejudice.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

No. 97-1188, *Knapp v. Henderson*

**HOLLOWAY**, Circuit Judge, concurring and dissenting:

I agree with the majority opinion in vacating the district court's order of dismissal with prejudice of Knapp's petition for reasons stated forcefully in footnote 5 of the opinion. However, I am unable to agree with the majority opinion's conclusion that Knapp failed to appropriately apprise the Colorado Supreme Court that he was asserting a federal due process claim. Accordingly, I must respectfully dissent from that holding of the majority.

In its analysis of the issue of exhaustion, the majority properly turns to the controlling statute, 28 U.S.C. § 2254(b), and to the controlling opinions of the Supreme Court, Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4 (1982) (per curiam); and Picard v. Connor, 404 U.S. 270 (1971). As the majority properly notes, if state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, "they must surely be alerted to the fact that prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. at 365-66.

However, I am particularly impressed by our own opinion in Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989), which the majority cites, and which came after Picard and Anderson. In Nichols, we recognized that to exhaust a federal claim in state court, a petitioner need not invoke "talismanic language" or cite "book and verse on the federal constitution." Thus, I agree with the majority that the crucial inquiry is whether

the substance of petitioner's claim has been presented to the state courts in a manner sufficient to put those courts on notice of the federal constitutional claim. From careful examination of Knapp's petition for habeas or mandamus relief in the Colorado Supreme Court (Case No. 94-SA-379), and his Application for a Writ of Habeas Corpus in the district court of Denver County (Case No. 61,774), I am convinced that Knapp did appropriately apprise the Colorado courts that he was asserting a federal due process claim.

First, in the habeas application in the Colorado district court, attached to the petition to the Colorado Supreme Court, page 2, Knapp listed as an issue to be considered, whether "the Colorado Board of Parole violate[d] the Defendant's Due Process of law as mandated by the Fourteenth Amendment of the United States Constitution, and the Constitution of the United States, and the Constitution of the State of Colorado." That issue is not framed specifically in terms of the waiver of jurisdiction or inaction and delay of the Parole Board, but the claim and issue as above stated cannot be ignored as the proper backdrop for detailed averments that followed. On the same page 2 of his application in the Colorado district court, furnished also to the Colorado Supreme Court, Knapp turned to his allegations that Michigan kept Colorado informed as to all proceedings concerning him, including his felony charge in Michigan, and then his later release from the Michigan State Department of Corrections in July 1989 without parole supervision.

Knapp's application to the Colorado district court, page 6, alleged that Colorado waived jurisdiction of the body of defendant by its actions, and in support of his issue on loss of jurisdiction, he cited Circle A Drilling Co. v. Sheehan, 251 F. Supp. 242 (D. Colo. 1966). It is true, as the majority notes, that Knapp did not have a case on all fours to cite about delay in returning an individual to custody, but he surely laid out the facts and circumstances of delay, waiver, and his theory. Moreover, the Circle A Drilling Co. opinion of Judge Doyle, cited by Knapp, specifically recognized, although in the context of a long arm statute, that the "issue for determination is whether, consistent with the concepts of due process indicated by the United States Supreme Court in the cases of International Shoe Co. . . . ," jurisdiction over the defendant could exist. (Emphasis added and additional citation omitted). I note further that in Knapp's "Issues and Arguments" portion of his application for habeas relief in the Colorado district court, page 12, Knapp stated further that

> the state allowed a 3½ year time passage before they chose to arrest parolee and give him a parole violation revocation hearing, thus they denied him his due process rights to a prompt hearing. [A]nd further still according to the contentions of this defendant-petitioner, had no right to re-arrest him after this length of delay.

It can be argued that the due process denial to Knapp by delay charged above was based on a procedural right and irregularities before the parole board. However, this hearing delay was plainly related to the delay in rearresting Knapp, and I would not parse the pleading so finely and insulate the rearrest from the due process averment.

-3-

To me, it is significant that the Answer Brief of Respondents-Appellees itself recognizes that the issue of reincarceration of Knapp does involve federal due process principles. That brief outlined the rule that when a prisoner becomes available for return to complete serving a sentence, an unreasonable and culpable delay by the state seeking his return may be held to constitute a waiver, abandonment or loss of jurisdiction. Id. at 25. That Answer Brief significantly concludes:

> Such a judicial finding of waiver of jurisdiction is based on the determination that, under the circumstances, <u>the prisoner's reincarceration by the state would be inconsistent with due process principles of fundamental fairness. Hence a claim of such waiver states a federal constitutional claim</u> which is cognizable on habeas review and which, on occasion, has been the basis for the granting of 28 U.S.C. § 2254 relief.

Answer Brief of Respondents-Appellees at 25 (emphasis added).

Of course, the state courts "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan, 513 U.S. at 365-66. I am persuaded that here the Colorado courts were fairly alerted to the federal constitutional nature of Knapp's claim, as the Colorado Attorney General's Office was, according to their brief quoted above.

Accordingly, with respect to the exhaustion issue, I must respectfully dissent.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DAVID KNAPP,

      Petitioner-Appellant,

v.

RANDY HENDERSON; ATTORNEY
GENERAL OF THE STATE OF
COLORADO; COLORADO STATE
PAROLE BOARD,

      Respondents-Appellees.

No. 97-1188
(District of Colorado)
(D.C. No. 95-S-370)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HOLLOWAY,** and **MURPHY**, Circuit Judges.

      Petitioner-Appellant Robert David Knapp appeals the district court's summary

dismissal of his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a

Person in State Custody, in which he claimed that his present confinement is illegal due to

Colorado's loss of jurisdiction. Concluding that Knapp failed to exhaust his state

---

      [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remedies, we vacate the district court's judgment and remand for dismissal without prejudice.[1]

## BACKGROUND

In 1970, following a Colorado jury trial, Knapp was convicted of first-degree murder and sentenced to life in prison. In 1984, the Colorado State Board of Parole paroled Knapp to Michigan. In 1985, Knapp violated his parole by committing a felony, criminal sexual conduct. As a result of the felony, Knapp was sentenced by a Michigan court to a five-year term of imprisonment and began serving his sentence in 1986. Shortly after Knapp's arrest in Michigan, the Colorado State Board of Parole issued an arrest warrant for Knapp as a parole violator based on the Michigan crime. For a period of time, Michigan officials communicated with Colorado officials regarding Knapp's status and his likely date of release.

In 1988, while still in custody, Knapp mailed a letter to the Colorado State Board of Parole, requesting that his Colorado parole be terminated or that he be allowed to complete his parole in Michigan following his release. According to Knapp, he never received a response. Knapp was released from custody in Michigan in 1989. Colorado authorities made no effort at that time to arrange for Knapp's return to Colorado. Instead,

---

[1]Because petitioner filed his petition before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the Act's certificate of appealability provisions do not apply. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998). We grant petitioner a certificate of probable cause.

following his release, Knapp settled in Michigan, obtained gainful employment, got married, and became a father. In 1993, Knapp was arrested for the Colorado parole violation. His parole was revoked, and he was returned to the custody of the Colorado Department of Corrections.

Knapp filed a *pro se* petition for a writ of habeas corpus in Colorado district court. In his petition, Knapp claimed, among other things, that Colorado lost jurisdiction over him by failing to take any action between his release in 1989 and his arrest in 1993. In denying the petition, the state district court ignored Knapp's loss of jurisdiction claim. Rather than appealing the court's denial of his petition, Knapp next filed a *pro se* petition for a writ of habeas corpus and/or writ of mandamus in the Colorado Supreme Court, raising only the loss of jurisdiction issue. The Colorado Supreme Court denied Knapp's petition without comment. Knapp then filed the instant petition in which he argues that his custody in Colorado violates the United States Constitution because Colorado abandoned jurisdiction over him.

While the proceedings below were convoluted, the federal district court ultimately denied Knapp's petition on the merits without holding a hearing. The district court did not decide whether Knapp had properly exhausted his state remedies, but instead found that Knapp's petition failed to allege facts sufficient to state a due process claim.

## DISCUSSION

A state prisoner bringing a federal habeas petition must show that he has exhausted

his state court remedies. *See* 28 U.S.C. § 2254(b); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, federal claims must be "fairly presented to the state courts" in order to give state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Connor*, 404 U.S. at 275 (internal quotations omitted); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). It is not sufficient that all the facts necessary to support a federal claim were before the state court or that a similar state-law claim was made. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Henry*, 513 U.S. at 365-66. This is not to suggest, however, that petitioner need invoke "talismanic language" or cite "book and verse on the federal constitution." *Nichols v Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotations omitted); *see also Connor*, 404 U.S. at 278. Instead, the crucial inquiry is whether the "substance" of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim.[2] *See Connor*, 404 U.S. at 278;

---

[2]Respondents argue that the Supreme Court's opinion in *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam), imposes a new labeling requirement on petitioners, requiring petitioners to specifically label their claims as federal claims before the state courts. We need not decide whether *Henry* effected a change in the exhaustion requirements because we conclude below that even absent such a labeling requirement, Knapp failed to fairly present his claim to the
(continued...)

*Nichols*, 867 F.2d at 1252.

In Knapp's present petition, he alleges that Colorado, as a result of its inaction, abandoned jurisdiction over him and that its later incarceration of Knapp thus violated his due process rights. *Cf. Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973) (per curiam) (discussing standard for due process claim based on waiver of jurisdiction). After carefully reviewing Knapp's petition to the Colorado Supreme Court, as well as his petition to the state district court, which Knapp submitted to the Colorado Supreme Court as an exhibit, this court concludes that Knapp failed to appropriately apprise the Colorado Supreme Court that he was asserting a federal due process claim.

In the petition Knapp filed with the Colorado Supreme Court, he framed his claim in terms of abandonment of jurisdiction, not in terms of due process. While the petition Knapp filed in the state district court came closer to presenting a due process claim, stating that the issue it presented involved "jurisdictional loss affecting fundamental rights of the accused," it did not include in the loss of jurisdiction section any analysis of the manner in which Knapp's fundamental rights were violated. Nor do the cases cited by Knapp in his state habeas petitions address Knapp's due process claim. Instead, the cases cited by Knapp address long arm statutes and the requirement that a state have sufficient contacts to exercise jurisdiction. *See e.g., Circle A Drilling Co. v. Sheehan*, 251 F. Supp.

[2](...continued)
Colorado courts. Nevertheless, *Henry* is instructive of the need to alert state courts to the federal nature of a claim.

242 (D. Colo. 1966); *Viernes v. District Court*, 509 P.2d 306 (Colo. 1973) (en banc).

Knapp's petitions do not cite any case, federal or state, addressing the due process

concerns implicated by delay in returning an individual to custody.[3]  Under these

circumstances, we cannot say that Knapp fairly presented and gave notice of his due

process claim to the Colorado Supreme Court.[4]  Knapp's failure to assert a due process

claim is especially pronounced when, as here, he specifically raised other federal

---

[3]Knapp contends that his citation of a federal case, *Circle A Drilling Company v. Sheehan*, 251 F. Supp. 242, 243 (D. Colo. 1966), for the proposition that the "constitutionality" of the exercise of jurisdiction depends on the facts of the case alerted the Colorado courts that Knapp was relying on federal law. *Circle A Drilling Company*, however, does not address the due process issues raised by Knapp and therefore is not sufficient to fairly alert the Colorado courts that Knapp was asserting a violation of his due process rights based on Colorado's delay in returning him to custody.  For similar reasons, Knapp's contention that Colorado law and federal law use identical standards for determining whether a state's delay in returning an individual to custody violates due process is equally unavailing.  In this case, Knapp never fairly presented either his federal due process claim or an equivalent state due process claim to the Colorado Supreme Court.

[4]The dissent relies upon a reference on the second page of the petition before the state district court to a due process claim against the Colorado Board of Parole.  Initially, however, this claim was presented as part of petitioner's "second issue" which is an ineffective assistance of counsel claim.  More importantly, the due process claims directed at the Colorado Board of Parole in the state district court were discretely and specifically based on a procedural right to a de novo hearing and procedural irregularities before the parole board.  Finally, the dissent's reliance on the state's recognition of a federal due process claim in its appellate brief is misplaced.  The state addressed the merits of the claim because Knapp's entire opening brief was dedicated to the merits and did not address procedural default.  The state's responsive brief did, however, argue procedural default as an alternative ground for affirmance.  Respondents-Appellees' Answer Brief at 41-42.

constitutional claims. *Cf. Henry*, 513 U.S. at 366.

Having concluded that Knapp failed to exhaust his federal due process claim before the Colorado courts, this court must next consider whether he is now procedurally barred from bringing his habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding federal habeas review of claims is barred when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule"). Absent special circumstances, Colorado courts will not ordinarily entertain successive motions for post-conviction relief. *See Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) (en banc). This court, however, declines to speculate whether the Colorado courts would find special circumstances in the context of this case. Therefore, rather than deem petitioner's claim procedurally barred, this court will permit Knapp to return to the Colorado courts to exhaust his due process claim.[5]

---

[5]The federal district court's summary dismissal of Knapp's petition was inappropriate. In dismissing Knapp's petition, the district court relied on the standard provided in Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." As in other civil actions, summary dismissal is inappropriate in habeas corpus proceedings "unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief." *O'Blasney v. Solem*, 774 F.2d 925, 926 (8th Cir. 1985).

After reviewing Knapp's habeas petition to the federal district court, this court concludes that the petition alleged sufficient facts to state a due process claim. Knapp's petition specifically invoked his Fourteenth Amendment due process rights. Factually, the petition alleged, among other things, that Michigan

(continued...)

-7-

**CONCLUSION**

Because this court concludes that Knapp failed to exhaust his claims before the

Colorado courts, we **VACATE** the judgment of the United States District Court for the

District of Colorado, dismissing Knapp's petition with prejudice, and **REMAND** to the

district court with directions to dismiss the petition without prejudice.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

_____

[5](...continued)
notified Colorado multiple times that Knapp was being released; Colorado did not
respond to Michigan's request that Colorado retake custody of Knapp; Michigan
discharged Knapp without any supervision; Knapp got married, had children, and
obtained gainful employment; over three years later, Colorado had Knapp arrested
in Michigan; Colorado provided perjured testimony to obtain the warrant for
Knapp's arrest; and Colorado then re-incarcerated Knapp. These allegations,
along with Knapp's invocation of the Fourteenth Amendment, are sufficient to
withstand summary dismissal. This court therefore vacates the district court's
dismissal of Knapp's petition with prejudice.

No. 97-1188, *Knapp v. Henderson*

**HOLLOWAY**, Circuit Judge, concurring and dissenting:

I agree with the majority opinion in vacating the district court's order of dismissal with prejudice of Knapp's petition for reasons stated forcefully in footnote 5 of the opinion. However, I am unable to agree with the majority opinion's conclusion that Knapp failed to appropriately apprise the Colorado Supreme Court that he was asserting a federal due process claim. Accordingly, I must respectfully dissent from that holding of the majority.

In its analysis of the issue of exhaustion, the majority properly turns to the controlling statute, 28 U.S.C. § 2254(b), and to the controlling opinions of the Supreme Court, Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4 (1982) (per curiam); and Picard v. Connor, 404 U.S. 270 (1971). As the majority properly notes, if state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, "they must surely be alerted to the fact that prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. at 365-66.

However, I am particularly impressed by our own opinion in Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989), which the majority cites, and which came after Picard and Anderson. In Nichols, we recognized that to exhaust a federal claim in state court, a petitioner need not invoke "talismanic language" or cite "book and verse on the federal constitution." Thus, I agree with the majority that the crucial inquiry is whether

the substance of petitioner's claim has been presented to the state courts in a manner sufficient to put those courts on notice of the federal constitutional claim. From careful examination of Knapp's petition for habeas or mandamus relief in the Colorado Supreme Court (Case No. 94-SA-379), and his Application for a Writ of Habeas Corpus in the district court of Denver County (Case No. 61,774), I am convinced that Knapp did appropriately apprise the Colorado courts that he was asserting a federal due process claim.

First, in the habeas application in the Colorado district court, attached to the petition to the Colorado Supreme Court, page 2, Knapp listed as an issue to be considered, whether "the Colorado Board of Parole violate[d] the Defendant's Due Process of law as mandated by the Fourteenth Amendment of the United States Constitution, and the Constitution of the United States, and the Constitution of the State of Colorado." That issue is not framed specifically in terms of the waiver of jurisdiction or inaction and delay of the Parole Board, but the claim and issue as above stated cannot be ignored as the proper backdrop for detailed averments that followed. On the same page 2 of his application in the Colorado district court, furnished also to the Colorado Supreme Court, Knapp turned to his allegations that Michigan kept Colorado informed as to all proceedings concerning him, including his felony charge in Michigan, and then his later release from the Michigan State Department of Corrections in July 1989 without parole supervision.

Knapp's application to the Colorado district court, page 6, alleged that Colorado waived jurisdiction of the body of defendant by its actions, and in support of his issue on loss of jurisdiction, he cited Circle A Drilling Co. v. Sheehan, 251 F. Supp. 242 (D. Colo. 1966). It is true, as the majority notes, that Knapp did not have a case on all fours to cite about delay in returning an individual to custody, but he surely laid out the facts and circumstances of delay, waiver, and his theory. Moreover, the Circle A Drilling Co. opinion of Judge Doyle, cited by Knapp, specifically recognized, although in the context of a long arm statute, that the "issue for determination is whether, consistent with the concepts of due process indicated by the United States Supreme Court in the cases of International Shoe Co. . . . ," jurisdiction over the defendant could exist. (Emphasis added and additional citation omitted). I note further that in Knapp's "Issues and Arguments" portion of his application for habeas relief in the Colorado district court, page 12, Knapp stated further that

> the state allowed a 3½ year time passage before they chose to arrest parolee and give him a parole violation revocation hearing, thus they denied him his due process rights to a prompt hearing. [A]nd further still according to the contentions of this defendant-petitioner, had no right to re-arrest him after this length of delay.

It can be argued that the due process denial to Knapp by delay charged above was based on a procedural right and irregularities before the parole board. However, this hearing delay was plainly related to the delay in rearresting Knapp, and I would not parse the pleading so finely and insulate the rearrest from the due process averment.

-3-

To me, it is significant that the Answer Brief of Respondents-Appellees itself recognizes that the issue of reincarceration of Knapp does involve federal due process principles. That brief outlined the rule that when a prisoner becomes available for return to complete serving a sentence, an unreasonable and culpable delay by the state seeking his return may be held to constitute a waiver, abandonment or loss of jurisdiction. Id. at 25. That Answer Brief significantly concludes:

> Such a judicial finding of waiver of jurisdiction is based on the determination that, under the circumstances, <u>the prisoner's reincarceration by the state would be inconsistent with due process principles of fundamental fairness. Hence a claim of such waiver states a federal constitutional claim</u> which is cognizable on habeas review and which, on occasion, has been the basis for the granting of 28 U.S.C. § 2254 relief.

Answer Brief of Respondents-Appellees at 25 (emphasis added).

Of course, the state courts "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." <u>Duncan</u>, 513 U.S. at 365-66. I am persuaded that here the Colorado courts were fairly alerted to the federal constitutional nature of Knapp's claim, as the Colorado Attorney General's Office was, according to their brief quoted above.

Accordingly, with respect to the exhaustion issue, I must respectfully dissent..