**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT DAVIS,

        Petitioner-Appellant,

v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 99-2161
(D.C. No. CIV-97-840-JC)
(D. N.M.)

ORDER AND JUDGMENT *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks a certificate of appealability in order to appeal the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. [1] Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," we deny his application for a certificate of appealability and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Petitioner was convicted in 1985 of various offenses associated with his escape from the New Mexico State Penitentiary. He was granted an out-of-time appeal in which he raised issues unrelated to the federal proceedings. The New Mexico Court of Appeals affirmed his convictions and sentences in all respects. See State v. Davis, No. 9408 (N.M. Ct. App. Oct. 21, 1986) (unpublished). In 1997, he filed state habeas corpus petitions which were dismissed for failure to state a claim for relief. [2]

---

[1] Petitioner filed two petitions signed and dated on the same date. The district court treated the second one as a supplement to the original application. We therefore treat it as one petition. See R. Vol. I, doc. 14 at 1.

[2] Our review of the record reflects that petitioner's federal habeas petition was untimely filed under 28 U.S.C. § 2244(d)(1) (providing one-year limitations period from date on which state judgment became final for filing habeas corpus petitions) and this court's case law respecting the filing of such petitions when the state judgment became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 and tolling of the limitations period while state post-conviction proceedings are pending. See United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). However, the limitations period is not jurisdictional, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998). Because the limitations period was not raised, the issue is waived.

In his habeas petitions he raised four issues:

1. Denial of effective assistance of trial counsel for failure to insist that the trial judge recuse himself.    See R. Vol. I, doc 1 at 6;

2. Judicial misconduct by the trial judge in not recusing himself from presiding over petitioner's trial.    See id. at 7;

3. Failure to merge or consolidate counts I and V, aggravated assault on a peace officer and false imprisonment.    See id. at 9; and

4. Imposition of consecutive rather than concurrent sentences in violation of petitioner's state and federal constitutional rights.    See id. doc. 13 at 6.

The magistrate judge entered an order recommending dismissal of the consecutive sentencing issue as procedurally defaulted, which the district court adopted.    See id. doc. 20; doc. 23.  This issue is not raised on appeal.  The federal public defender was appointed to represent petitioner on the remaining issues; however, the memorandum brief filed in district court addressed only the first two issues, which are interrelated and overlapping.  As a consequence, only these two issues will be addressed, the remaining deemed waived.

Plaintiff claimed that his trial counsel, Michael D. C'deBaca, filed a motion to disqualify the trial judge (Judge Chavez) on the ground that the judge's courtroom deputy, Clifford Chavez, had been a corrections officer at the state facility when petitioner and several others escaped.  After petitioner's arrest, he was questioned about the escape and about whether any corrections officers were involved.  Petitioner contends that he was later called to testify at an

administrative hearing regarding the potential dismissal of certain officers. As part of the administrative proceeding, petitioner claims he was approached by Officer Chavez and his lawyer who told petitioner that if petitioner refused to testify against Officer Chavez, they would ensure that Judge Chavez would be lenient with petitioner's sentence. [3] Petitioner further claimed that he thought Officer Chavez and Judge Chavez were related. Petitioner stated that although he had had no intention of testifying against Officer Chavez, he agreed not to do so. According to petitioner, following Officer Chavez's dismissal as a corrections officer, Judge Chavez hired him as the judge's court deputy. See R. Vol. I, doc. 34 at 2-4.

Petitioner argues that the judge should have recused himself because of possible bias and that his trial attorney was constitutionally ineffective by failing to vigorously pursue the motion to recuse, by failing to ensure the presence of petitioner at the hearing on the motion, and by failing to insist that the hearing be on the record. See id. at 5-11.

The state responded, arguing that petitioner had failed to allege facts sufficient to overcome the presumption that judges are capable of conducting fair trials and that the alleged facts did not establish an incentive for actual bias. See

---

[3] Petitioner avers that instead he received the maximum possible sentence following his convictions.

Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir. 1994); Nichols v. Sullivan, 867 F.2d 1250, 1254 (10th Cir. 1989); Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1372-73 (7th Cir. 1994). The state further noted that the trial judge had given the basic presumptive sentence for each crime, not the increased aggravated sentences available under N.M. Stat. Ann. § 31-18-15.1 and that consecutive sentences were required under N.M. Stat. Ann. § 31-18-21 because petitioner committed them while an inmate.

The state further argued that because there was no showing of actual judicial bias, there was no basis for the claim that a better prepared or argued motion by counsel would have produced a different result and that petitioner had failed to demonstrate constitutionally deficient representation by his trial attorney. As for the failure to ensure petitioner's presence at and recording of the hearing, the state asserted that these issues had not been presented to the state courts and were therefore unexhausted. Finally, the state alleged that it was unfairly prejudiced by petitioner's twelve-year delay in filing the habeas petition because of the intervening death of the trial judge, the apparent death of trial counsel, and the possibility that the tape of the recusal hearing was destroyed in a flood.

In his second set of proposed findings, the magistrate judge accepted petitioner's factual recitations that his attorney had moved to disqualify Judge Chavez because the judge's courtroom deputy, Clifford Chavez, had been

-5-

dismissed as a New Mexico corrections officer (apparently as the result of petitioner's testimony at an administrative hearing), that officer Chavez and his attorney had approached petitioner about providing lenience at petitioner's trial, that petitioner had alleged Officer Chavez was a distant relative of Judge Chavez, that there was no indication the hearing was recorded or that petitioner was present, that Judge Chavez did not recuse himself, and that petitioner received the maximum sentence. The magistrate judge further recited that petitioner did not appeal his conviction, but filed a state habeas corpus petition in 1997, and noted that both Judge Chavez and petitioner's trial counsel had died. See R. Vol. I, doc. 43 at 1-2.

The magistrate judge found that there was no evidence of actual judicial bias or even the appearance of bias sufficient to overcome the presumption of honesty and integrity based on petitioner's factual assertions. See id. at 2-4. Rather than dismiss the ineffective assistance of counsel claims on exhaustion grounds, the magistrate judge addressed them on the merits, ruling that petitioner had failed to show that counsel's performance was deficient and that the allegedly deficient performance prejudiced the defense because of the earlier finding that the judicial bias claim was without merit. See id. at 4-5. Finally, the magistrate judge concluded petitioner was not entitled to an evidentiary hearing for failure to make allegations which, if proved, would entitle him to relief and, in addition,

-6-

that the petition should be dismissed under Rule 9(a) of the Rules Governing § 2254 cases because of prejudice to the state based on petitioner' delay in filing the petition.   See id. at 5-6.

In his objections, petitioner asserted that there was no evidence that petitioner's trial attorney was deceased.  He further contended that the finding that the trial judge's recusal was unnecessary did not negate trial counsel's obligation to ensure that petitioner was present at the hearing and that the hearing was recorded.   See R. Vol. I, doc. 44 at 1-2.  Petitioner also challenged the court's determination the state had shown prejudice because of the delay by arguing that "[a] significant part of the delay occurred because of the state court's failure to make a reasonably speedy determination of Petitioner's state habeas corpus petition." [4]  Id. at 2-3.  The district court adopted the magistrate judge's findings and dismissed the habeas petition.  In his brief on appeal, petitioner repeats his claims that the trial judge should have recused himself and that trial counsel was ineffective for failing to guarantee petitioner's presence at the hearing and failing to make a record of the hearing.

---

[4]      We do not understand the basis for this statement.  By petitioner's own admissions, supported by the documents in the record, the state habeas petitions were filed on April 14, 1997.  The New Mexico Supreme Court denied certiorari on May 29, 1997.  This can hardly be viewed as an unreasonable delay in completing the state post-conviction proceedings.

At the outset, we note some factual inaccuracies relied on by the parties and the district court. Included in the documents furnished as the state court record are an order granting an out-of-time direct criminal appeal, the docketing statement filed in New Mexico Court of Appeals setting forth the issues raised, and the appellate memorandum opinion of October 21, 1986, affirming petitioner's convictions and sentences. These documents reveal that petitioner did not raise the current issues as part of his direct appeal.

Also included are the motion to disqualify Judge Chavez, along with a transcription of the hearing on petitioner's motion. Petitioner is listed, along with his attorney, in the "Appearances" section. Nevertheless, for purposes of this decision, we will assume he was not present at the hearing.

Petitioner's attorney stated that he was seeking to disqualify Judge Chavez because Clifford Chavez, against whom petitioner had made statements, was employed by the court. Judge Chavez then clarified that Clifford Chavez was a deputy with the Sheriff's office and not an employee of the court. The judge introduced his bailiff, Scott Scanland, and stated he (the judge) controlled his bailiff, court reporter, and secretary. The judge then stated:

> You could have recused me, but it is not timely filed. And I would not honor this disqualification, because I have no control over Clifford Chavez. And I want it made clear in the record he is not under my supervision. He has never been in my employ, never has been under my supervision at any time.

-8-

Transcript of July 22, 1985, Hearing on Motion to Disqualify, at 10.

Because the record clearly establishes that the hearing on the motion to recuse was recorded, counsel cannot be considered ineffective on this ground. In addition, petitioner has failed to explain how his presence could possibly have affected the outcome of the hearing. See United States v. Gagnon, 470 U.S. 522, 526 (1985) (defendant has due process right to be present whenever his presence has a relation, "reasonably substantial, to the fulness of his opportunity to defend against the charge") (further quotation omitted). Therefore, assuming he was not present and that the failure to ensure his presence was error, it was harmless. See Rushen v. Spain, 464 U.S. 114, 117 n.2 (1983) (right to be present, as with most constitutional rights, is subject to harmless-error analysis); United States v. Pearson, 203 F.3d 1243, 1261 (10th Cir. 2000) (recognizing application of Rushen analysis where defendant absent when judge communicated with jurors); Arizona v. Fulminante, 499 U.S. 279, 306-07 (1991) (recognizing wide range of errors, including denial of defendant's right to be present, to which Court has applied harmless error analysis).

Petitioner has also failed to establish that his attorney's performance fell below an objective standard of reasonableness or that the alleged deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "To satisfy the second prong, petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (quotation omitted).

Likewise, petitioner's claim that the trial judge "could not have been impartial," see Appellant's Br. at 10, must also fail. Clifford Chavez was not Judge Chavez's court deputy. Moreover, petitioner has not set forth any factual allegations to demonstrate actual bias. See Nichols, 867 F.2d at 1254 (explaining standard for evaluating allegation of judicial bias amounting to denial of due process as whether judge is actually biased or prejudiced against petitioner). Therefore, "his claim of judicial bias must rest on there being an appearance of bias sufficient to override the presumption of honesty and integrity." Fero, 39 F.3d at 1478. "[O]nly a strong, direct interest in the outcome of a case is sufficient to overcome that presumption of evenhandedness." Id. at 1479 (quoting Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1373 (7th Cir. 1994) (en banc). Petitioner claims he "understood that Clifford Chavez was related to Judge Chavez," see Appellant's Br. at 10, but he nowhere describes the nature of this alleged relationship. As with the situation in Fero, in which the trial judge's son was a law clerk for the prosecution, "[w]e find that any biasing influence from the circumstances here was too remote and insubstantial to create a presumption of bias." Fero, 39 F.3d at 1480.

-10-

Because petitioner has failed to set forth allegations which, if proved, would entitle him to habeas corpus relief, he is not entitled to an evidentiary hearing. Accordingly, we DENY petitioner's request for a certificate of appealability for failure to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

The appeal is DISMISSED.

Entered for the Court

Michael R. Murphy
Circuit Judge